UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ASHLEY JOBSON *et al.*                                                          PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:10-CV-736-S

LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of defendant Levy Premium Foodservice Limited Partnership ("Levy") to dismiss or, in the alternative, for summary judgment (DN 5). For the reasons set forth herein, Levy's motion will be **GRANTED**.

Plaintiffs Ashley Jobson, Adam Tabor, and Ian Walton are former employees of Levy. All three were members of Unite Here Local 181, and all three were fired in November 2009 after allegations surfaced that they had been using illegal drugs at work. In November 2010, the plaintiffs sued Levy in Jefferson County, Kentucky, Circuit Court, alleging that Levy had violated the terms of the Collective Bargaining Agreement ("CBA") between Levy and the plaintiffs' union, and that Levy had failed to follow the disciplinary procedures in its employee handbook. Levy removed the case to this court on federal question and diversity grounds, and now moves to dismiss or, in the alternative, for summary judgment.

If a party presents matters outside the pleadings as part of a Rule 12(b)(6) motion and the matters are not excluded by the court, the motion must be treated as one for summary judgment under FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(d). All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Id.* We believe this opportunity

has been provided here. Levy attached material from outside the pleadings to its motion, and styled its motion as either a motion to dismiss or for summary judgment. The plaintiffs therefore had ample notice that Levy's motion contained matters outside the scope of the pleadings, and we believe it appropriate to consider the evidence Levy presents at this time, and to rule on its motion as one for summary judgment. *See Wysocki v. Int'l Business Machine Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010) (finding no abuse of discretion in court's decision to convert motion to dismiss to motion for summary judgment where moving party attached copy of document outside the pleadings to its motion and specifically mentioned in its memorandum in support of the motion the possibility that the motion would be converted to a motion for summary judgment).

Under FED. R. CIV. P. 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## I. Alleged Violation of the CBA

Levy first argues that the plaintiffs' claim for breach of the CBA is preempted by § 301 of the Labor Management Relations Act of 1974, 29 U.S.C. § 185(a). Section 301 completely preempts a state law claim for breach of contract "if the resolution of [the] state law claim depends upon the meaning of a collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988). It is clear that this is the case here. The plaintiffs allege that Levy violated "multiple provisions" of the CBA in its firing them. Compl. ¶ 12. In order to resolve this claim, we would necessarily have to interpret the meaning of the provisions the plaintiffs claim were breached. Therefore, we conclude that § 301 completely preempts the plaintiffs' claim.

Where, as here, plaintiffs' § 301 claims are brought under a collective bargaining agreement and involve the question of entitlement for employment under the agreement, a six-month statute of limitation applies. *Woosley v. Avco Corp.*, 944 F.2d 313, 318 (6th Cir. 1991); *see also Richardson v. Amer. Standard, Inc.*, No. 5:05-133-JMH, 2006 WL 2632094 (E.D. Ky. Sept. 13, 2006) at *4 (applying *Woosley*, and concluding that the six-month statute of limitation applied to an employee's claim that his employer violated the policies governed by its collective bargaining agreement). According to their complaint, Jobson, Talbot, and Walton were fired on or about November 10 or 11, 2009. *See* Compl. ¶¶ 5–7. They did not file their complaint until November 16, 2010 – more than a year after their termination, and well outside the limitations period. We conclude that the plaintiffs' claims for breach of the CBA must be dismissed because they are time-barred.

## II. Alleged Breach of the Employee Handbook

The plaintiffs' claims for Levy's alleged breach of the disciplinary procedures in its employee handbook also fail. "Under Kentucky law, a clear disclaimer" in an employee handbook stating that the handbook creates no contractual right defeats an employee's breach of contract claim. *Wathen v. General Elec.*, 115 F.3d 400, 408 (6th Cir. 1997). The fifth page of the Levy employee handbook contains a disclaimer, set off in bold type, clearly explaining that the handbook "is not intended to be, nor does it constitute an express or implied contract of any kind in favor of employees, nor shall any employee or applicant for employment have any contractual rights, claims, or privileges against the Company by virtue of this Handbook." DN 5-4 at unnumbered page 5. Moreover, Jobson, Tabor, and Walton all signed forms acknowledging that the Levy handbook was not a contract and that their employment was at-will. DN 5-7–9. Because Levy properly disclaimed

the creation of any contract via the employee handbook, the plaintiffs' claims for breach of the terms of the handbook cannot succeed.

       A separate order will issue in accordance with this opinion.